**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARMA WITTER KREISLER, INC., | Civil No.: 08-5380 (JLL) |
| Plaintiff, | |
| v. | |
| SAMSUNG ELECTRONICS AMERICA, INC., | **OPINION** |
| Defendant. | |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Samsung Electronics America, Inc.'s motion to dismiss the Complaint [CM/ECF Docket Entry No. 13] pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendant's motion is granted in part and denied in part.

## BACKGROUND[1]

Plaintiff Warma Witter Kreisler, Inc. ("Plaintiff"), a resident of Illinois, purchased a laser printer (Model SCX4725FN), which was designed and manufactured by Samsung ("Defendant" or "Samsung") (Compl., ¶ 5). Plaintiff has, on several occasions, replaced the printer's toner cartridge when the machine has ceased printing and reported that the toner cartridge was empty. (Id., ¶ 16). Plaintiff purchased replacement toner cartridges from Quill.com. (Id., ¶ 15).

---

[1] For purposes of the instant motion to dismiss, the Court accepts Plaintiff's well-pleaded factual allegations as true. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

Plaintiff alleges that certain Samsung printers, including series SCX and CLP printers, report that their toner cartridges are empty prior to the cartridge actually being exhausted.  (Id. ¶ 12). Plaintiff further alleges that said printers cease printing until a replacement cartridge is installed in the machine, despite useful toner remaining in the old cartridge.  (Id. ¶¶ 12-13, 16).  Based on these facts, Plaintiff filed the instant class action Complaint on October 31, 2008, asserting claims for: (1) violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2, (2) violation of the consumer protection statutes of California, Florida, Illinois, Michigan, Missouri, New York and Washington, and (3) unjust enrichment.  This Court's jurisdiction is premised on 28 U.S.C. § 1332(d). (Id., ¶ 8). Defendant now moves to dismiss the instant complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

---

[2] In support of its motion to dismiss, Defendant attaches – and relies heavily upon – a document entitled "Samsung Monochrome Laser Multifunction User's Guide SCX-4625F/SCX-4725FN" (hereinafter "User Guide").  Federal Rule of Civil Procedure 12(b) provides that if matters outside the pleadings are presented and not excluded by the court, the motion shall be converted to one for summary judgment and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Fed. R. Civ. P. 56.  Courts may generally consider an "undisputedly authentic" document attached as an exhibit to a motion to dismiss, without converting the motion into one for summary judgment, if the plaintiff's claims are based on the document.  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). The Court has reviewed the User Guide and finds that: (a) such was not referenced in the Complaint, and (b) even if considered integral to Plaintiff's claim, based on the current record, Defendant has not demonstrated that said document is undisputedly authentic.  In particular, although defense counsel certifies that such is a "true and correct copy" of said document, there is no indication that Plaintiff received a copy of this User Guide or that this was the version of the User Guide which allegedly accompanied the particular Samsung product purchased by the Plaintiff. Therefore, the Court will not consider the User Guide attached to Defendant's motion.

**<u>LEGAL STANDARD</u>**

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. <u>See</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1250, 1261 (3d Cir. 1994).

**<u>DISCUSSION</u>**

Samsung moves to dismiss Plaintiff's Complaint on the basis that Plaintiff's consumer fraud and unjust enrichment claims both fail as a matter of law. In making this argument, Samsung urges the Court to apply Illinois law to Plaintiff's claims. Plaintiff, on the other hand, indicates that New Jersey's substantive law applies to its claims.[3] (Compl., ¶ 26).

**I.   Consumer Fraud Claims**

   **A.   California, Florida, Michigan, Missouri, New York, Washington and Illinois Consumer Fraud Claims**

Samsung seeks dismissal of claims that it violated the consumer protection statutes of California, Florida, Illinois, Michigan, Missouri, New York and Washington. Such claims are set forth in Count Two of Plaintiff's Complaint. In doing so, Samsung argues that in putative class

---

[3] Plaintiff's Complaint further states that "[i]n the alternative, the Court may apply the substantive law of the State where the named Plaintiff resides." (Compl., ¶ 33).

3

actions, a court should evaluate a complaint as to the named plaintiff(s) only.  As a result, Samsung urges the Court to: (a) treat this action as one between an Illinois plaintiff and a New Jersey defendant, and (b) dismiss all claims under other states' laws because those states have no relationship to this litigation.

Essentially, Defendant's argument is that Count Two of Plaintiff's Complaint (asserting various state consumer fraud violations on behalf of the proposed class) should be dismissed because the named Plaintiff lacks standing to bring claims in those states in which it does not reside.[4]  The Court has considered Defendant's argument in this regard and finds that the more prudent approach would be to defer its consideration of this argument until after class certification issues have been resolved.[5]  To the extent the proposed class is not certified, such claims and arguments related

---

[4] Defendant's reliance on <u>Rolo v. City Investing Co. v. Liquidating Trust</u>, 155 F.3d 644 (3d Cir. 1998) is misplaced.  In <u>Rolo</u>, the Court stated: "[u]ntil the putative class is certified, the action is one between the Rolos, the Tenerellis and the defendants. Accordingly, the First Amended Complaint must be evaluated as to these particular plaintiffs." <u>Id.</u> at 659.  The Court's statement in this regard was made in the context of evaluating whether each of the named plaintiff's had, respectively, complied with Rule 9(b) in pleading fraud. Certainly, the Court's statement was not made in the context of assessing whether the named plaintiffs had standing to assert claims on behalf of absent class members <i>or</i> pursuant to the laws of states in which they did not reside.

[5] <u>See, e.g.</u>, <u>Sheet Metal Workers Nat. Health Fund v. Amgen Inc.</u>, No. 07-5295, 2008 WL 3833577, at *9 (D.N.J. Aug. 13, 2008) (refusing to address argument that plaintiff lacks standing to bring claims under the laws of states in which plaintiff failed to allege an injury, and explaining that "because class certification creates the jurisdictional issue, the Court must treat the statutory standing issue before it deals with Article III standing, as instructed by <u>Ortiz</u>") (citing <u>Ortiz v. Fibreboard Corp.</u>, 527 U.S. 815 (1999)); <u>In Re Hypodermic Prods. Antitrust Litig.</u>, No. 05-1602, 2007 WL 1959225, at *15 (D.N.J. June 29, 2007) (Linares, J.) (deferring consideration of defendant's argument that "Plaintiffs do not enjoy standing to raise state antitrust claims in jurisdictions in which they do not reside" until after class certification issues have been resolved); <u>Clark v. McDonald's Corp.</u>, 213 F.R.D. 198, 204 (D.N.J. 2003) (considering it appropriate to decide class certification before resolving Article III standing challenges where defendant had argued that "Clark does not enjoy standing to assert claims on behalf of class members regarding restaurants that Clark has not visited, or in states Clark has not visited"); <u>In re Buspirone Patent Litig.</u>, 185 F. Supp. 2d 363, 377 (S.D.N.Y. 2002) (considering it appropriate to decide class certification before resolving Article III

thereto, may be moot.  As a result, the Court declines to rule on this issue prior to addressing the issue of class certification. Defendant's motion to dismiss Count Two on such a basis is, therefore, denied.

> **B.     New Jersey Consumer Fraud Act Claim**

Turning now to Plaintiff's New Jersey Consumer Fraud Act ("NJCFA") claim, set forth in Count One of Plaintiff's Complaint, Samsung urges the Court to dismiss Plaintiff's NJCFA claim on the basis that  Illinois has the most significant relationship to this case, thereby requiring application of Illinois law to Plaintiff's consumer fraud claim.  In doing so, Samsung urges the Court to engage in a choice of law analysis.  Plaintiff opposes this request and, instead, argues that: (a) its decision to invoke the NJCFA is appropriate given that Samsung's national headquarters are in New Jersey, and (b) any choice of law analysis would be premature at this time.

This Court has previously assessed very similar claims in a related action, Knox v. Samsung Elecs. Am., Inc., No. 08-4308, 2009 WL 1810728 (D.N.J. June 25, 2009) (Linares, J.) (hereinafter Knox).[6]  In  dismissing that plaintiff's NJCFA claim and finding that Georgia law would apply to plaintiff's consumer fraud claim, the Court engaged in a choice of law analysis and found that Georgia, as opposed to New Jersey, was the state with the greatest interest in applying its laws.  In doing so, the Court engaged in a lengthy choice of law discussion and expressly rejected many of the arguments now being raised by the Plaintiff.  For instance, the Court found ***many*** of the cases

---

standing challenges where defendant had argued that putative representative plaintiffs, who had purchased defendant's product in only 15 states, lacked standing to assert claims on behalf of purchasers in the remaining 35 states).

[6] By way of Opinion and Order dated June 25, 2009, this Court consolidated the instant matter with Knox v. Samsung, Civil Action No. 08-4308, for pretrial purposes.  See Civil Action No. 08-4308, Docket Entry Nos. 24-25.

relied upon by the Plaintiff to be distinguishable,[7] including, in particular, those cases  applying the NJCFA in class action contexts.[8]   Moreover, the Court found that engaging in a choice of law analysis at the motion to dismiss stage, in the particular context of the claims at issue, was not premature.[9]  To the extent Plaintiff has attempted to raise such arguments (or rely on such cases) in opposing Samsung's motion to dismiss, such arguments are rejected for the reasons set forth in the Court's Opinion in <u>Knox</u>, dated June 25, 2009.

### (i).   Choice of Law Analysis

New Jersey courts apply the Second Restatement's "most significant relationship" standard in resolving conflict disputes arising out of tort. <u>See P.V. ex rel. T.V. v. Camp Jaycee</u>, 962 A.2d 453, 455 (N.J. 2008).  Under that standard:

> [T]he analysis in a personal injury case begins with the section 146 presumption that the local law of the state of the injury will apply. Once the presumptively applicable law is identified, that choice is tested against the contacts detailed in section 145 [of the Restatement (Second) of Conflict of Laws (1971)] and the general principles outlined in section 6 of the Second Restatement. If another state has a more significant relationship to the parties or issues, the presumption will be overcome. If not, it will govern.

---

[7] Such cases include: <u>Elias v. Ungar's Food Prods., Inc.</u>, 252 F.R.D. 233, 247-48 (D.N.J. 2008); <u>Dal Ponte v. Am. Mortgage Exp. Corp.</u>, No. 04-2152, 2006 WL 2403982, at *6-7 (D.N.J. Aug. 17, 2006); <u>Int'l Union of Operating Eng'rs Local 68 Welfare Fund v. Merck & Co.</u>, 894 A.2d 1136, 1146-54 (N.J. Super. Ct. App. Div. 2006), <u>overruled on other grounds</u>, 929 A.2d 1076 (N.J. 2007); <u>Boyes v.  Greenwich Boat Works, Inc.</u>, 27 F. Supp 2d 543, 546-48 (D.N.J. 1998).

[8] <u>See Knox</u>, 2009 WL 1810728, at *4 ("[T]hose cases involve class actions in which New Jersey plaintiffs are before the court if not as named plaintiffs, then at least as putative class members.  Here, this Court has been presented with a Georgia plaintiff seeking recovery against a New Jersey corporation on a series of transactions carried out in Georgia.").

[9] <u>See Knox</u>, 2009 WL 1810728, at *3 (noting "at least one federal case in New Jersey applying the NJCFA in a choice of law analysis conducted at the motion to dismiss stage").

6

Id. at 455.

Thus, New Jersey's "most significant relationship" test has two steps.  The first step is to "examine the substance of the potentially applicable laws to determine whether an actual conflict exists." Clark v. Prudential Ins. Co. of Am., No. 08-6197, 2009 WL 2959801, at *5 (D.N.J. Sept. 15, 2009).  If there is no distinction between the two, the Court will apply the law of the forum state. See Elias v. Ungar's Food Prods., Inc., 252 F.R.D. 233, 246 (D.N.J. 2008).  If an actual conflict exists, then the second step is to weigh the factors enumerated in the section of the Restatement that corresponds to the cause of action. See Clark, 2009 WL 2959801, at *5 (citing Camp Jaycee, 962 A.2d at 461).

Section 148 of the Restatement ("Fraud and Misrepresentation") is most relevant to consumer fraud claims like the NJCFA.  See In re Mercedes-Benz Tele-Aid Contract Litig., 257 F.R.D. 46, 64-65 (D.N.J. 2009) ("Section 148 of the Restatement governs choice of law analysis for consumer fraud claims."); Clark, 2009 WL 2959801, at *6 (same); Agostino v. Quest Diagnostics Inc., 256 F.R.D. 437, 462 (D.N.J. 2009) (same). Section 148 provides the following:

> (1) When the plaintiff has suffered pecuniary harm on account of his reliance on the defendant's false representations and when the plaintiff's action in reliance took place in the state where the false representations were made and received, the local law of this state determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.
>
> (2) When the plaintiff's action in reliance took place in whole or in part in a state other than that where the false representations were made, the forum will consider such of the following contacts, among others, as may be present in the particular case in determining the state which, with respect to the particular issue, has the most

significant relationship to the occurrence and the parties:

(a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations,
(b) the place where the plaintiff received the representations,
(c) the place where the defendant made the representations,
(d) the domicil, residence, nationality, place of incorporation and place of business of the parties,
(e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and
(f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

Restatement (Second) of Conflict of Laws § 148.

Thus, if the Court finds that a conflict exists, in order to properly engage in a choice of law analysis as to Plaintiff's consumer fraud claim the Court would need to consider, among other things, *where* the false representations were made and *where* plaintiff's actions in reliance on such false representations took place. See Restatement § 148.  Although Defendant argues that Illinois law should apply "because plaintiff's reliance and conduct in response to the alleged misrepresentations, as well as any alleged loss, occurred where plaintiff bought and used the printer, i.e., Illinois," the Complaint does not specify *where* the printer at issue was purchased, *where* it was used, or *where* plaintiff's actions – in purchasing replacement toner cartridges – took place.  See Compl., ¶ 15 ("Plaintiff WWK purchased a Samsung SCX4725FN laser printer.  WWK purchased replacement toner cartridges from Quill.com."); ¶ 17 ("Plaintiff took actions based on these false messages, resulting in losing a portion of the benefit of the purchase of a full cartridge from Defendant."). Although Defendant would have the Court make certain presumptions based upon Plaintiff's principal place of business – namely that Plaintiff purchased the printer at issue in its home state of Illinois, received and relied upon the alleged false and misleading messages relating to the amount

8

of toner remaining in the printer in its home state of Illinois, and took action based on these alleged

false messages in its home state of Illinois – such allegations, although entirely feasible, are not set

forth in the Complaint.

By the same token, aside from making the conclusory statement that New Jersey is the state

"from which Defendant's alleged misconduct emanated" (Compl., ¶ 31), presumably because

Defendant's principal place of business is in New Jersey, Plaintiff has failed to allege *any* specific

facts establishing the qualitative nature of the contacts between the State of New Jersey and the

allegations forming the basis of its consumer fraud claim.  See, e.g., Beegal v. West Gallery, 394 N.J.

Super. 98, 121 (App. Div. 2007) ("It is the qualitative nature of a state's contacts that ultimately

determines whether its law should apply.").[10]  Without such facts, the Court is unable to engage in

a meaningful choice of law analysis.[11]   For the same reasons that the Court is unable to engage in

---

[10] In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips, 515 F.3d at 234. But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

[11] The Court recognizes that it chose to engage in a choice of law analysis in assessing similar claims in Knox, 2009 WL 1810728.  Although factually similar, the complaint in Knox contained important factual information notably absent from the instant Complaint.  For instance, the complaint in Knox alleged that the printer at issue, as well as the replacement toner cartridges, were purchased at Fry's Electronics in Duluth, Georgia.  The Court took note of the relevant factual allegation in engaging in its choice of law analysis.  See Knox, 2009 WL 1810728, at *4 ("Here, this Court has been presented with a Georgia plaintiff seeking recovery against a New Jersey corporation on a series of transactions carried out in Georgia."); see also Cooper v. Samsung Elecs. Am., Inc., No. 2008 WL 4513924, at *7 (D.N.J. Sept. 30, 2008) (Linares, J.)  (engaging in choice of law analysis in assessing consumer fraud claim at motion to dismiss stage and finding that "[a]ll of the consumer contacts present in this matter demonstrate a firm connection to applying the consumer-protection policies of Arizona as reflected in its law: Cooper is an Arizona resident who purchased a television for use in Arizona at an Arizona retailer.").

a meaningful choice of law analysis, the Court finds that Plaintiff's NJCFA claim, as currently drafted, fails to comply with Federal Rule of Civil Procedure 9(b) and should be dismissed, without prejudice, on such a basis.

### (ii).    Compliance with Federal Rule of Civil Procedure 9(b)

Plaintiff alleges that Samsung's printers "affirmatively and falsely misrepresent to consumers that the toner cartridges are empty when in fact there remains a significant amount of toner in the cartridge." (Compl., ¶ 12).  Because the underpinning of Plaintiff's NJCFA claim is fraud, the Court applies Rule 9(b) scrutiny.[12]  See, e.g., Gray v. Bayer Corp., No. 08-4716, 2009 WL 1617930, at *2 (D.N.J. June 9, 2009) (Linares, J.) (applying Rule 9(b) scrutiny to CFA claim sounding in fraud).  Having determined that Plaintiff's NJCFA claim fails to allege sufficient facts for purposes of assessing the contacts between the State of New Jersey and the allegations forming the basis of the claim, the Court also finds that Plaintiff's claim, as currently drafted, fails to comport with Federal Rule of Civil Procedure 9(b).

To state a claim under the NJCFA, a plaintiff must allege three elements: (1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss. N.J. Citizen Action v. Schering-Plough Corp., 367 N.J. Super. 8, 12 (App. Div. 2003).  Rule 9(b) "requires plaintiffs to plead 'the who,

---

[12] The Third Circuit has held that because the heightened pleading requirement of Rule 9(b) applies to "averments of fraud," it requires a court "to examine the factual allegations that support a particular legal claim." Shapiro v. UJB Financial Corp., 964 F.2d 272, 288 (3d Cir.1992). More specifically, where "the plaintiff grounds [his claims] in allegations of fraud-and the claims thus 'sound in fraud'-the heightened pleading requirements of Rule 9(b) apply." In re Suprema Specialties, Inc. Secs. Litig., 438 F.3d 256, 270 (3d Cir. 2006). Thus, a plaintiff cannot escape Rule 9(b) by alleging claims that do not traditionally involve fraud; rather, the test is whether the particular claim alleged in this matter sounds in fraud. If so, the pleading is subject to 9(b).

what, when, where, and how: the first paragraph of any newspaper story.' " In re Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir. 1999) (quotations omitted).  That being said, "[p]laintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984).  Plaintiff has not done so.

The Complaint does not specify *where* the printer at issue was purchased, *where* it was used, or *where* Plaintiff's actions – in purchasing replacement toner cartridges – took place.   The Complaint also fails to specify the circumstances surrounding the "unlawful conduct."  For instance, although the Complaint alleges that the printers made false representations to the Plaintiff regarding the status of the remaining toner (Compl., ¶ 16), the Complaint also alleges that Samsung "consciously omitted to disclose material facts to Plaintiff," (Id., ¶ 40), and that Samsung "purposefully" designed the toner cartridges to act in this fashion (Id., ¶ 13).  It is unclear whether the "unlawful conduct" is, therefore, the allegedly false message generated by the printers, Samsung's failure to disclose material facts regarding the toner cartridge to the Plaintiff, Samsung's intentional design of the printers, or all of the above.  Thus, Plaintiff's NJCFA claim fails to pass Rule 9(b) scrutiny.  Plaintiff's NJCFA claim is, therefore, dismissed without prejudice.  The Court will provide Plaintiff with thirty (30) days in which to amend its Complaint to cure the pleading deficiencies in this claim.  Plaintiff's failure to do so will result in dismissal of its NJCFA claim with prejudice.

### C.    Illinois Consumer Fraud Claim

Defendant seeks dismissal of Plaintiff's claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFDBPA"), 815 I.C.L.S. 505/1, et seq., on the basis that such claim fails as a matter of law because Defendant's conduct was neither unfair nor deceptive given statements contained in the User Guide provided to Plaintiff with its printer.  In particular, Defendant argues that "Plaintiff's Complaint cannot state a cause of action under the ICFDBPA based on allegations that Samsung's printer falsely described the toner cartridge as 'empty' when Samsung simultaneously provided information [in the form of a User Guide] as to how plaintiff could continue printing with the remaining toner." (Def. Br. at 21).

As a preliminary matter, the Court notes that Plaintiff has not asserted a separate claim for violation of the ICFDBPA.  Count One of Plaintiff's Complaint sets forth a claim for violation of the NJCFA, Count Two sets forth a catch-all claim for violation of various states' consumer fraud statutes and Count Three sets forth a claim for unjust enrichment.  Although Defendant urges the Court to dismiss Plaintiff's NJCFA claim on the basis that Illinois law should, instead, apply to Plaintiff's consumer fraud claim, the Court has dismissed Plaintiff's NJCFA claim (without prejudice) for a different reason.  Thus, the Court has not found that Plaintiff's consumer fraud claim should proceed under Illinois law.  Until such a finding is made, Plaintiff's Complaint is clear in its intent to proceed with a NJCFA claim.

In any event, even if the Court were to consider the arguments raised by Defendant in support of its request to dismiss the Illinois consumer fraud claim, as previously explained, the Court will not consider the User Guide – which was neither referenced in Plaintiff's Complaint, nor properly

authenticated by the Defendant – in assessing Defendant's Rule 12(b)(6) motion.[13]  Moreover, the issue before the Court on a motion to dismiss the complaint pursuant to Rule 12(b)(6) is *not* whether Plaintiff's claim(s) will ultimately succeed or the probability of their success; rather, in order to state a claim for purposes of Rule 12(b)(6), Plaintiff must simply allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" in support of such claim(s). Twombly, 550 U.S. at 556.[14]  Defendant does not claim that Plaintiff has failed to meet this pleading standard;[15] rather, Defendant seeks dismissal of Plaintiff's Illinois consumer fraud claim on the basis that Defendant's actions were neither unfair nor deceptive in light of the contents of the User Guide.  This Court has already found, in the context of a similar case, that the printer's display of the term "empty" if the cartridge is not empty could constitute a material misrepresentation to the consumer.  See Knox, 2009 WL 1810728, at *6.  Any further assessment of Plaintiff's allegations would go to the merits of Plaintiff's claim and is inappropriate at the motion to dismiss stage.  Defendant's motion to dismiss this claim on such a basis is, therefore, denied.

---

[13] See supra note 2.

[14] See generally Phillips, 515 F.3d at 234 ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (quoting Twombly, 550 U.S. at 556).

[15] This does not mean, however, that Plaintiff's consumer fraud allegations are compliant with the Twombly pleading standard.  In fact, as previously explained, Plaintiff's consumer fraud allegations – as set forth in the context of Plaintiff's NJCFA claim – fail to pass muster under Rule 9(b).

13

## II.    Unjust Enrichment

Defendant moves to dismiss Plaintiff's unjust enrichment claim on the basis that: (a) it fails to state a claim under either New Jersey or Illinois law, and (b) Plaintiff's claim fails as a matter of law since "there can be no underlying claim of wrongdoing" given that "plaintiff failed to allege that it did not receive the estimated page yield as detailed in the User's Guide." (Def. Br. at 29).   To the extent Defendant, *once again*, seeks to dismiss this claim on the basis that there can be no claim of wrongdoing given the language contained in the User Guide, Defendant's argument in this regard is hereby rejected without discussion.[16]

Plaintiff's Complaint makes clear its intent to have New Jersey law applied to its claims. See Compl., ¶¶ 26, 27.  Despite urging the Court to dismiss Plaintiff's unjust enrichment claim under New Jersey *and* Illinois law, Defendant does not engage in a choice of law analysis, nor claim – much less *argue* with supporting legal authority – that a conflict exists between New Jersey and Illinois law in the context of an unjust enrichment claim.  Absent such a conflict, the law to be applied is that of the forum state – New Jersey. See Elias, 252 F.R.D. at 246.[17]  Therefore, the Court will apply New Jersey law in assessing Plaintiff's unjust enrichment claim.

To state a claim for unjust enrichment under New Jersey law, a Plaintiff must establish that the "defendant received a benefit and that retention of that benefit without payment would be unjust" and that Plaintiff "expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual

---

[16] See supra note 2.

[17] See generally Am. Cyanamid Co. v. Fermenta Animal Health Co., 54 F.3d 177, 180 (3d Cir. 1995) ("The district court exercised its diversity jurisdiction. This means that the law to be applied is that of the forum state-New Jersey.").

14

rights." <u>VRG Corp. v. GKN Realty Corp.</u>, 135 N.J. 539, 554 (1994).  Plaintiff's Complaint alleges that: (1) Plaintiff has conferred a benefit on the Defendant by purchasing its printer (Compl., ¶ 56), (2) Defendant knowingly accepted this benefit (<u>Id.</u>, ¶ 57), and (3) "[u]nder the circumstances, where Defendant has reaped these benefits by misleading Plaintiff . . . as to the fitness of its printers and committing material omissions . . . it is inequitable for Defendant to retain these benefits at the expense at the expense of [the] Plaintiff" (<u>Id.</u>, ¶ 58).

Plaintiff does not claim that it failed to receive the printer for which it conferred a benefit on the Defendant;[18] rather, Plaintiff's theory of recovery is based on the assertion that it was misled by Samsung as to the fitness of the printer and that as a result of Samsung's tortious conduct, Plaintiff is allowed to recover damages.  Such allegations sound in tort.   New Jersey does *not* recognize unjust enrichment as an independent tort cause of action. <u>See</u> <u>Castro v. NYT Television</u>, 370 N.J. Super. 282, 299 (App. Div. 2004) (explaining that "the role of unjust enrichment in the law of torts is limited for the most part to its use as a justification for other torts such as fraud or conversion."). Rather, in the tort setting, "an unjust enrichment claim is essentially another way of stating a traditional tort claim (i.e., if defendant is permitted to keep the benefit of his tortious conduct, he will be unjustly enriched)." <u>Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc.</u>, 171 F.3d 912, 936 (3d Cir. 1999).  Therefore, Plaintiff's unjust enrichment claim is dismissed with prejudice. <u>See, e.g.</u>, <u>Nelson v. Xacta 3000 Inc.</u>, No. 08-5426, 2009 WL 4119176, at * 7 (D.N.J. Nov. 24, 2009) (dismissing unjust enrichment claim after finding that "New Jersey law does not recognize unjust enrichment as an independent tort cause of action"); .<u>Blystra v. Fiber Tech Group, Inc.</u>, 407

---

[18] The Court notes that the Complaint does not state that Plaintiff bought the printer directly from the Defendant. Because the Court dismisses this claim for a different reason, the Court need not dwell on this issue.

F. Supp. 2d 636, 644 n. 11 (D.N.J. 2005) (construing plaintiff's unjust enrichment claim "as subsumed by their other tort claims, and not as an independent cause of action" where it was based on a tort theory).

## **CONCLUSION**

Based on the reasons set forth above, Defendant's motion to dismiss is granted in part and denied in part.  Plaintiff's NJCFA claim, set forth in Count One of Plaintiff's Complaint, is dismissed without prejudice.  The various states' consumer fraud claims, set forth in Count Two of Plaintiff's Complaint, may proceed at this time.  Plaintiff's unjust enrichment claim, set forth in Count Three of Plaintiff's Complaint, is dismissed with prejudice. Plaintiff has thirty (30) days in which to file an Amended Complaint which cures the pleading deficiencies discussed herein. Plaintiff's failure to do so will result in dismissal of Plaintiff's NJCFA claim with prejudice.

An appropriate Order accompanies this Opinion.

DATED: December 3, 2009                                    /s/ Jose L. Linares
                                                                       United States District Judge