NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARMA WITTER KREISLER, INC., | Civil Action No.: 08-5380 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendant. | |

**LINARES**, District Judge.

This matter comes before the Court on Defendant Samsung Electronics America, Inc.'s ("Samsung") motion to dismiss certain counts of Plaintiff Warma Witter Kreisler, Inc.'s ("WWK") First Amended Complaint. The Court has considered the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons discussed below, Defendant's motion is granted.

**I.     BACKGROUND**

This matter arises out of the purchase of a Samsung laser printer by WWK, an Illinois resident. (Am. Compl., ¶ 5.) On October 31, 2008, WWK filed its original complaint in this matter, asserting claims for: (1) a violation of the New Jersey Consumer Fraud Act ("NJCFA"), (2) a violation of the consumer protection statutes of California, Florida, Illinois, Michigan, Missouri, New York and Washington, and (3) unjust enrichment. WWK alleged that certain Samsung printers, including the type it purchased, report that their toner cartridges are empty

prior to the cartridge actually being exhausted. (Id. ¶ 13.) It further alleged that the printers will not continue to print until a replacement cartridge is installed despite useful toner remaining in the old cartridge. (Id.) When the printer purchased by WWK would stop printing and reported that the toner cartridge was empty, WWK replaced the cartridge. (Id., at ¶ 21.)

Samsung moved to dismiss WWK's original Complaint. This Court granted the motion in part and denied it in part. See Warma Witter Kreisler v. Samsung Elecs. Am., Inc., No. 08-5380, 2009 U.S. Dist. LEXIS 112773, at *1 (D.N.J. Dec. 3, 2009.) Samsung had argued that WWK, an Illinois resident, lacked standing to pursue claims under the other state consumer fraud statutes identified in Count II of the Complaint. This Court denied that portion of the motion, "declin[ing] to rule on [that] issue prior to addressing the issue of class certification." Id., at *6. The Court granted Samsung's motion with regard to WWK's NJCFA claim and its unjust enrichment claim. The unjust enrichment claim was dismissed with prejudice. Id., at *27-28. With respect to the NJCFA claim, this Court held that a choice of law analysis at the motion to dismiss stage was appropriate in the circumstances of this case, but that the Complaint failed to allege sufficient facts for the Court to engage in such an analysis. Id., at *9-10. Specifically, this Court held that WWK had failed to "specify *where* the printer at issue was purchased, *where* it was used, or *where* [WWK's] actions–in purchasing replacement toner cartridges–took place." Id., at *14 (emphasis in original). This Court also held, in the alternative, that even if the NJCFA was applicable, WWK had failed to meet the heightened pleading standards of Rule 9(b). Id., at *20. Therefore, the NJCFA claim was dismissed without prejudice with leave to WWK to amend the complaint to correct the identified deficiencies. Id. Finally, Samsung also had moved to dismiss a claim under the Illinois Consumer Fraud and Deceptive Business Practice Act

("ICFDBPA"). After noting that WWK had not asserted a specific claim under this Act apart from the general catch-all Illinois claim in Count II, this Court held that, until a finding is made that Illinois law applies, the "Complaint is clear in its intent to proceed with a NJCFA claim." Id., at *22. In dicta, the Court noted that, even had it found that Illinois applied, WWK had asserted sufficient facts of material misrepresentation in the Complaint to survive a dismissal motion on that basis. Id., at *23.

On January 4, 2010, WWK filed an Amended Complaint. In the Amended Complaint, WWK asserts that it purchased its Samsung laser printer in Fairview Heights, Illinois, and that it used the printer in its office in O'Fallon, Illinois. (Am. Compl. ¶ 19.) WWK further asserts that it purchased replacement cartridges from Quill.com, and that the cartridges were shipped from Pennsylvania. (Id., at ¶ 23.)

Samsung presently moves again to dismiss WWK's NJCFA claim, arguing that Illinois law governs the claim. Samsung also argues that, applying Illinois law, WWK's claim under the ICFDBPA should be dismissed for failure to state a claim.

## II.    LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its

attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

In its original motion to dismiss, Samsung argued that the Court should consider the User Guide for the printer at issue, which it attached to its motion. This Court held that the guide was not referenced in the Complaint, and that, "even if considered integral to [WWK's] claim, . . . [Samsung] has not demonstrated that [the guide] is undisputedly authentic." Warma, 2009 U.S. Dist. LEXIS 112773, at *3 n.2. For these reasons this Court ruled that it would not consider the guide for purposes of the first motion to dismiss. Samsung again argues that the Court should consider the User Guide for purposes of this motion to dismiss. It argues that it now has submitted all of the possible guides that could have been used by WWK. WWK does not reference a user guide in its Amended Complaint. While one of the submitted guides may be shown to be the one included with WWK's printer and ultimately may be relevant to WWK's claims, the Court will not reconsider its prior decision regarding consideration of the guide for purposes of a motion to dismiss.

### III.  DISCUSSION

#### A.  NJCFA Claim

Samsung argues that WWK's NJCFA claim should be dismissed because Illinois law applies to its consumer fraud claim. WWK again argues that it is premature to address choice of law issues at this stage of the litigation. This argument was expressly rejected in this Court's prior Opinion and will not be reconsidered here.

As noted in this Court's prior Opinion, New Jersey's choice of law analysis is a two step process. First, a court must determine if an actual conflict in law exists. See Lebegern v. Forman, 471 F.3d 424, 430 (3d Cir. 2006). Once it has been determined that a conflict exists, the

court must determine which state has the "most significant relationship" to the claim at issue. P.V. ex rel. T.V. v. Camp Jaycee, 962 A.2d 453, 455, 460 (N.J. 2008). Samsung and WWK disagree on whether an actual conflict exists between New Jersey and Illinois law. Samsung argues that the laws conflict with respect to: (1) "the proof required to establish proximate cause;" (2) scope and type of damages available; (3) "the proof of defendant's alleged intent to deceive;" and (4) "the availability of a jury trial." (Br. in Supp. of Def. Samsung Elecs. Am., Inc.'s Mot. to Dismiss Pl.'s First Am. Compl. Pursuant to Fed. R. of Civ. P. 12(b)(6) [hereinafter "Samsung Br."], at 9.) On the other hand, while WWK acknowledges that "there are differences between the statutes," it argues that there is no "true conflict, in light of each state's express public policy to protect consumers." (Pl.'s Mem. of Law in Opp'n to Def. Samsung Elecs. Am., Inc.'s Mot. to Dismiss Pl.'s First Am. Compl. Pursuant to Fed. R. Civ. P. 12(b)(6) [hereinafter "WWK Opp'n"], at 10-11.)

Under the NJCFA, treble damages and a jury trial are available. See N.J. Stat. Ann. § 56:8-19 ("In any action under this section the court shall . . . award threefold the damages sustained by any person in interest."); Fink v. Ricoh Corp., 839 A.2d 942, 976 (N.J. Super. Ct. Law Div. 2003) (noting that "parties to a consumer fraud case [in New Jersey are] entitled to a trial by jury"). On the other hand, under Illinois law, there is no provision for treble damages; the ICFDBPA is aimed primarily at compensating for actual damages. See 815 Ill. Comp. Stat. Ann. 505/10a(a) ("The court, in its discretion may award actual economic damages or any other relief which the court deems proper . . . ."). Additionally, as the New Jersey Law Division acknowledged in Fink, the Illinois statute does not provide a right to a jury trial. Fink, 839 A.2d at 976 (citing Martin v. Heinold, Commodities, Inc., 643 N.E.2d 734 (Ill. 1994)). Even without looking at the other differences pointed to by Samsung, this Court finds that such a difference in

the scope of damages and the availability of a jury trial presents an actual conflict between the laws. This Court also agrees with Samsung that the underlying common policy of consumer protection of both states' laws, which presumably every consumer protection statute has, does not outweigh such fundamental differences in the laws of the two states.

With respect to which state has the "most significant relationship" to WWK's consumer fraud claim, this Court previously held that § 148 of the Restatement provides the relevant guidance. Section 148 provides:

> (1) When the plaintiff has suffered pecuniary harm on account of his reliance on the defendant's false representations and when the plaintiff's action in reliance took place in the state where the false representations were made and received, the local law of this state determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.
>
> (2) When the plaintiff's action in reliance took place in whole or in part in a state other than that where the false representations were made, the forum will consider such of the following contacts, among others, as may be present in the particular case in determining the state which, with respect to the particular issue, has the most significant relationship to the occurrence and the parties:
> (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations,
> (b) the place where the plaintiff received the representations,
> (c) the place where the defendant made the representations,
> (d) the domicil, residence, nationality, place of incorporation and place of business of the parties,
> (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and
> (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

Restatement (Second) of Conflict of Laws § 148. WWK is an Illinois resident, who purchased the printer in Illinois, for use in Illinois. In support of its position that the NJCFA applies, WWK relies on cases which this Court in its prior Opinion held were distinguishable from this case. Again, the court will not reconsider the findings and rulings made in its first motion to dismiss

Opinion. WWK also argues that "New Jersey has never limited the right of non-residents to sue New Jersey businesses under the NJCFA." (WWK Opp'n, at 7.) In Cooper v. Samsung, this Court acknowledged that the NJCFA "could be applied to an out-of-state consumer under certain circumstances." No. 07-3853, 2008 U.S. Dist. LEXIS 75810, at *21-22 (D.N.J. Sept. 30, 2008), aff'd No. 08-4736, U.S. App. LEXIS 6602, at *11 (3d Cir. 2010). But, in Cooper this Court nevertheless found New Jersey law not applicable where "an Arizona resident . . . purchased a television for use in Arizona at an Arizona retailer" and the only significant contact with New Jersey was that the defendant's headquarters are there. Id., at *22. Applying the § 148 factors to the facts in this case, this Court concludes, as it did in Cooper, that WWK's consumer fraud claim bears the most significant relationship to Illinois. Ann allegation that samsung designed the product's operation in New Jersey does not outweigh the other, more significant, ties to Illinois. Therefore, Samsung's motion to dismiss WWK's NJCFA claim is granted.

## B. ICFDBPA Claim

Although WWK has not asserted a specific claim under the ICFDBPA in its Amended Complaint, Count II does include a catch-all consumer protection claim under Illinois law. As this Court has now found that Illinois law applies to WWK's consumer fraud claim, in the interest of judicial economy, it will construe the catch-all Illinois claim in Count II as one brought under the ICFDBPA.

WWK argues that this Court's prior Opinion precludes any challenge to a claim based on Illinois law on a motion to dismiss. WWK misconstrues this Court's prior Opinion. In that Opinion, this Court merely commented that, given the facts plead in the original complaint, a challenge regarding whether a material misrepresentation had been adequately plead would not be successful. Samsung makes clear that it is not reasserting that argument in its present motion.

Samsung presently moves to dismiss the Illinois claim based on a failure to sufficiently plead damages in the Amended Complaint.  (See Samsung Br., at 22.)

"To prove a private cause of action under section 10a(a) of the [ICFDBPA], a plaintiff must establish the following: '(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception.'" Mulligan v. QVC, Inc., 888 N.E.2d 1990, 1195 (Ill. App. Ct. 2008) (quoting Avery v. State Farm Mutual Auto. Ins. Co., 835 N.E.2d 801, 853 (Ill. 2005)).  Thus, a plaintiff must show that he suffered actual loss.  Id., at 1196.  Once a plaintiff has shown actual loss, then the "damages are generally calculated by assessing the difference between the actual value of the property sold and the value the property would have had at the time of the sale if the representations had been true."  Id.  Additionally, the allegations of an ICFDBPA claim must be plead with particularity.  See Gallagher Corp. v. Mass. Mut. Life Ins. Co., 940 F. Supp. 176, 180 (N.D. Ill. 1996).

Samsung argues that WWK has "failed to allege that it suffered any actual damages." (Samsung Br., at 22.)  In its Amended Complaint, WWK alleges:

> 20. . . . (a) Samsung laser printers display an error message falsely claiming that a Samsung brand toner cartridge is "empty" when in fact, a significant amount of useable toner remains in the cartridge; and (b) Samsung prevents Plaintiff from using that significant amount of toner remaining in the cartridge.
> * * *
> 24.  As a result of these actions, Plaintiff lost a portion of the benefit of the purchase of a full cartridge from Defendant.
> * * *
> 25. The replacement toner cartridges purchased by Plaintiff contained no disclosures or any information advising Plaintiff that it would not be able to use the full amount of toner contained in the cartridge.

> \* \* \*
> 52. Defendant's conduct damaged Plaintiff and the Class by requiring them to purchase new toner cartridges when they had remaining toner in their existing cartridges.

(Am. Compl. ¶¶ 20, 24-25, 52.) WWK's opposition states that Samsung "bases its [damages] argument on two things which it cannot use to support its argument: the User Guide and [a case which WWK argues is distinguishable]." (WWK Opp'n, at 20-21.) Although Samsung does reference both of these in its brief, its primary argument is simply that the Amended Complaint provides insufficient facts to determine if WWK was damaged under Illinois law; it argues that the only way to determine if WWK was damaged is to compare what it was promised to what it allegedly received, and that WWK has not plead such facts. Even without considering the User Guide, this Court agrees.

The Amended Complaint alleges that Samsung did not disclose that its printers did not permit the full amount of ink in a toner cartridge to be used. What it does not allege is what Samsung actually represented with regard to printer performance or toner use and how what WWK received compares to that representation(s). As Judge Easterbrook mused in <u>Schorsch v. Hewlett-Packard Company</u>:

> [N]o rule of law requires drum kits or toner cartridges or any other consumer product to last for any prescribed period. If it would be lawful in Illinois for HP to fill cartridges with enough toner to last (on average) 3,000 pages, why would it not be lawful to include more toner (enough to ensure 3,000 pages of use) and then require replacement at that point, before the streaking and spotty output that marks the end of a cartridge's supply of toner? Consumers are better off with the second kind of cartridge than with the first. . . . If HP had promised that its toner cartridges would last for 3,500 pages, then used an EEPROM to shut them down after 3,000, [the plaintiff] would have a better claim, but this does not appear to be the class's theory.

417 F.3d 748, 751 (7th Cir. 2005). While this Court has previously found that this language

does not persuasively speak to the issue of misrepresentation, it does find it instructive on the issue of actual damages under Illinois law.  See Knox v. Samsung Elecs. America, Inc., No. 08-4308, 2009 U.S. Dist. LEXIS 53685, at *18 (D.N.J. June 25, 2009).  Under an Illinois' benefit of the bargain damage analysis, the mere fact that a printer does not permit full use of a toner cartridge is not sufficient in itself to plead that a plaintiff has suffered an actual loss.  It is only by comparing that fact to what was promised that a determination of actual damages can be made.  If the customer received what was promised, then there is no claim under Illinois law.  WWK has not plead such facts.  The Illinois law consumer protection claim in Count II is dismissed without prejudice.

**IV.     CONCLUSION**

For the foregoing reasons, Samsung's motion to dismiss WWK's NJCFA claim and any Illinois law consumer protection claim in Count II is granted.  The NJCFA claim is dismissed with prejudice.  The Illinois law consumer protection claim is dismissed out prejudice to WWK to file an amended complaint to correct the deficiencies identified in this Opinion.  An appropriate Order accompanies this Opinion.

DATED: April 8, 2010              /s/ Jose L. Linares
                                  JOSE L. LINARES
                                  UNITED STATES DISTRICT JUDGE